IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20687
Summary Calendar
_____

IMARI ABYBAKARI OBADELE, also known as Shemuel Ben-Yahweh,

                                    Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                    Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-2241
- - - - - - - - - -
August 16, 2001

Before REAVLEY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Imari Abybakari Obadele, Texas prisoner # 563888, appeals
the district court's denial of his 28 U.S.C. § 2254 application.
He argues that the forfeiture of his good-time credits upon
revocation of his parole was improper because he did not violate
a prison disciplinary rule and violated his due process rights
because he was not given a prisoner disciplinary hearing.
Because Obadele's instant claims were not adjudicated on the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

merits in state habeas court, we review them <u>de</u> <u>novo</u>.  <u>See</u> <u>Nobles</u> <u>v. Johnson</u>, 127 F.3d 409, 416 (5th Cir. 1997).

TEX. GOV'T CODE ANN. § 498.004(b) states that an inmate forfeits all good conduct time previously accrued upon revocation of parole or mandatory supervision.  In addition, Obadele's waiver of his parole revocation hearing encompassed his due process rights regarding his good-time credits because he was specifically informed that his good-time credits would be forfeited if his parole were revoked.  <u>See</u> <u>Boddie v. Connecticut</u>, 401 U.S. 371, 378-79 (1971).

Accordingly, the district court's denial of Obadele's 28 U.S.C. § 2254 application is AFFIRMED.